IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS ANTHONY GRANDINETTI, II, #A0185087, | ) ) ) | NO. 1:13-cv-00009 LEK/RLP |
| Petitioner, | ) ) | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| vs. | ) ) | |
| STATE OF HAWAII, | ) ) | |
| Respondent. | ) ) | |

**ORDER DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner Francis Anthony Grandinetti, II, who is confined in the Corrections Corporation of America-Saguaro Correctional Center ("SCC"), has filed document labeled "Federal habeas corpus proofs." ECF #1.  It is unclear if Petitioner is challenging the denial of parole or challenging his conviction or sentence in State of Hawaii Cr. No. 88-2074, or both.  Petitioner has not paid the $5.00 filing fee, filed an Application to Proceed In Forma Pauperis, submitted his petition on court-approved forms, named a proper respondent, or signed his document under penalty of perjury.  The Petition also fails to state a claim.  Accordingly, the Petition is DISMISSED with leave to amend to correct these deficiencies.

### I. Payment

Pursuant to 28 U.S.C. § 1914, a party seeking to institute a habeas corpus proceeding shall pay a filing fee of $5.00.  An action may proceed without prepayment of filing fees

only upon a proper application to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Because Petitioner has not paid the $5.00 filing fee or filed an in forma pauperis application, he is given thirty [30] days from the date of this Order to do so using the form included with this Order.

## II.  Form of the Petition

Local Rule LR99.7.10 requires that all documents filed by prisoners, including petitions for writ of habeas corpus, "shall be signed under penalty of perjury and legibly written or typewritten on forms approved by the court and in accordance with the instructions provided with the forms[.]"

A petitioner seeking a writ of habeas corpus under § 2254, as it appears is Petitioner's intent, must name the state officer having custody of him or her as the respondent to the petition. *See* Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994). The correct respondent will normally be the warden of the facility in which the petitioner is incarcerated, or the chief officer in charge of state penal institutions. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

Because Petitioner has failed to file his Petition on the court-approved form, sign it under penalty of perjury, or name the correct respondent, the Petition is dismissed with

thirty [30] days leave granted to amend so that he may do so on the form included with this Order.

### III. <u>Failure to State a Claim</u>

The Petition makes little sense and Petitioner's grounds for relief are impossible to comprehend as written. To the extent Petitioner alleges a claim based on a recent denial of parole, he fails to state a claim. "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, --- U.S. ----, 131 S. Ct. 859, 862 (2011) (*per curiam*); *Greenholtz v. Nebraska*, 442 U.S. 1, 7 (1979). State statutes and constitutions "may create liberty interests in parole release that are entitled to protection under the Due Process Clause." *Board of Pardons v. Allen*, 482 U.S. 369, 371 (1987) (citing *Greenholtz*, 442 U.S. at 12). Hawaii's parole statutes, however, do not create a liberty interest in parole. *See, e.g.*, *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) ("[A] proper application of *Greenholtz* requires the court to conclude that the Hawaii parole statute does not create a liberty interest protected by the Due Process Clause."); *Regan v. State*, 2007 WL 4440956, at *2 (D. Haw. Dec. 19, 2007).

While Plaintiff is correct that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies to this petition,

to the extent he challenges his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he is notified that *Apprendi* is not retroactively applicable on habeas review.  *See Rees v. Hill*, 286 F.3d 1103 (9th Cir. 2002).  Even liberally construing the Petition, the court is unable to discern any other possible claims for relief.  The Petition is also dismissed without prejudice for failure to state a cognizable claim under 28 U.S.C. § 2254.

Petitioner is notified that any grounds alleged in the original Petition that are not alleged in an amended petition will be deemed waived.  *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).

### IV.  Conclusion

(1) Within thirty [30] days of the date of this Order, Petitioner must pay the $5.00 filing fee or file a completed Application to Proceed In Forma Pauperis.

(2) If Petitioner fails to pay the $5.00 filing fee or file a completed Application to Proceed In Forma Pauperis within thirty [30], the Clerk of Court shall enter judgment of dismissal of this action without prejudice and without further notice to Petitioner.

(3) The Petition, ECF #1, is also DISMISSED without prejudice for failure to name a proper respondent, sign the petition under penalty of perjury, submit the petition on a court-approved form, or state a cognizable claim for relief under 28 U.S.C. § 2254.  Petitioner is granted thirty [30] days from the date of this Order to file an amended petition correcting these deficiencies.

(4) If Petitioner fails to file an amended petition within thirty [30] days from the date of this Order correcting these deficiencies, the Clerk of Court shall enter judgment of dismissal of this action without prejudice and without further notice to Petitioner.

(5) The Clerk of Court shall send Petitioner a form for filing an "Application to Proceed In Forma Pauperis (Habeas)" and a "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus."

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 11, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grandinetti v. State of Hawaii*, 1:13-cv-00009 LEK/RLP; ORDER DISMISSING PETITION WITH LEAVE TO AMEND; G:\docs\prose attys\Habeas\DMP\2013\Grandinetti 13-09 lek (pay $5 or file IFP & ct. forms etc).wpd