IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FRANCIS ANTHONY GRANDINETTI,  )     NO. 1:13-cv-00009 LEK/RLP
II, #A0185087,                )
                              )
          Petitioner,         )     DISMISSAL ORDER
                              )
     vs.                      )
                              )
STATE OF HAWAII,              )
                              )
          Respondent.         )
_____ )

**DISMISSAL ORDER**

Petitioner Francis Anthony Grandinetti, II, a state prisoner proceeding pro se, filed a document labeled "Federal habeas corpus proofs" on January 8, 2013.  ECF No. 1.  On January 11, 2013, the Court construed this document as seeking habeas corpus relief, dismissed the Petition, ordered Petitioner to amend on court forms, name the correct Respondent, clarify his claims, and pay the $5.00 filing fee or seek *in forma pauperis* status.  ECF No. 4.  On February 11, 2013, the Court granted Petitioner an extension of time to comply with this order, until on or before March 13, 2013.  ECF No. 6.  Petitioner has failed to respond or otherwise comply with the Court's orders.

**I. DISCUSSION**

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose

sanctions including dismissal of an action. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31, 633 (1962) (recognizing courts' power to control their dockets, with or without motion, and noting that in appropriate circumstances, the court may dismiss a complaint for failure to prosecute without notice or hearing).  A court may dismiss an action with prejudice, based on a party's failure to prosecute, obey a court order, or comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and comply with local rules).

Before dismissing an action for failure to prosecute, obey a court order, or comply with court rules, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779

F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990); *see also Ferdik*, 963 F.2d at 1260 (noting that "it is incumbent upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets without being subject to endless vexatious noncompliance of litigants").

Here, the first, second, and third factors favor dismissal.  Petitioner's failure to comply with the Court's order prevents the case from proceeding in the foreseeable future.  Moreover, Plaintiff's failure to prosecute this action, which is apparently challenges a 1988 conviction, will prejudice the State and thwarts the public interest in the finality of criminal judgments.  The Court will not, and cannot, hold the case in abeyance based upon Petitioner's failure to pay the filing fee and prosecute this action.  Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal, and by the fact that Petitioner has already unsuccessfully pursued habeas relief in this court.  *See Grandinetti v. State*, Civ. No. 05-00254 DAE (D. Haw. 2005) (dismissal as timebarred).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  The Court finds that dismissal with prejudice would be unnecessarily harsh.  Accordingly, IT IS ORDERED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 29, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Grandinetti v. State of Hawaii*, 1:13-cv-00009 LEK/RLP; DISMISSAL ORDER; G:\docs\prose attys\Habeas\DMP\2013\Grandinetti 13-09 lek (pay $5 or file IFP & ct. forms etc).wpd